UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE D. PROPHET, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23-03555 (UNA) |
| F.B.I., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint against the FBI and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss the case for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is lacking).

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.

The United States and agency components like the FBI may be sued only upon consent, *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted), and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit," *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A waiver of the United States' immunity from suit "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A plaintiff's failure to plead facts that bring the suit within the court's jurisdiction requires dismissal of the case. Fed. R. Civ. P. 8(a), 12(h)(3).

Plaintiff, a District of Columbia resident, alleges that during a raid of his house in the District's northeast quadrant, the FBI trashed four rooms, broke a back door, and sat Plaintiff, his brother, and his cousin "outside in the cold [with] no shoes on [and] no coat."  Compl., ECF No. 1.  Allegedly, the FBI "had no warrant at first and they found nothing because we don't have drugs or guns in our house."  *Id*.

Plaintiff seeks no relief from the complaint, and the threadbare facts alleged do not establish federal court jurisdiction.  Therefore, this case will be dismissed by separate order.

                                                                                    _____/s/_____
                                                                          CHRISTOPHER R. COOPER
Date: January 4, 2024                                           United States District Judge